IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:05-cr-00028-GHD-SAA-1

JAMES LEON OWENS, JR.  DEFENDANT

## MEMORANDUM OPINION DENYING DEFENDANT'S *PRO SE* MOTION TO MODIFY OR TERMINATE SUPERVISED RELEASE

Presently before the Court is a motion to modify or terminate supervised release [77] filed by *pro se* Defendant James Leon Owens, Jr. (the "Defendant").[1] The Government has filed a response in opposition. The motion is now ripe for review. For the reasons stated below, the Court finds that the motion is not well taken and should be denied.

On June 6, 2005, a jury found the Defendant guilty as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Defendant objected to his presentence report generated by the United States Probation Service. The Court denied the Defendant's objections and entered judgment. On August 17, 2005, following a sentencing hearing, the Court sentenced the Defendant to 120 months of imprisonment to be followed by a three-year term of supervised release. On September 27, 2013, the Defendant was released from imprisonment and placed on supervised release. To date, the Defendant has served approximately one year and six months of his three-year supervised release term.

---

[1] The Court notes that in the instant motion the Defendant refers to himself as "James Leon Owen Jr." However, on the original indictment and throughout the file, the Defendant's name appears as "James Leon Owens, Jr." Therefore, the Court refers to the Defendant as "James Leon Owens, Jr."

1

In the instant motion to modify or terminate supervised release [77], the Defendant requests that the Court terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). As support for his request, the Defendant maintains that the has met all requirements of his probation, including meeting regularly with his United States Probation Officer and Court-appointed psychologist, meeting all requirements under the Sex Offender Registration and Notification Act, maintaining gainful employment and a steady residence, and completing more than 50% of his three-year term of supervised release. The Defendant maintains that these actions demonstrate he has obtained the benefits of rehabilitation and now has no need for supervised release.

The Government argues in response that the Defendant has provided no compelling reason to justify an early termination of supervised release and that meeting the terms of supervised release is merely what the Defendant is expected to do. The Government and the United States Probation Service are in agreement that the Defendant continues to pose a threat to the public and that the Defendant would benefit from continued mental health therapy. Therefore, the Government argues that modification or termination of the Defendant's supervised release would be improper.

"The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000). A defendant may move for modification or early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e) and Rule 32.1(c) of the Federal Rules of Criminal Procedure. *See United States v. Hills*, --- F. App'x ----, 2015 WL 1119604, at *1 (5th Cir. 2015) (per curiam). "A district court has authority to modify conditions of supervised release under [18

U.S.C.] § 3583(e)(2) 'at any time prior to the expiration or termination of the term of supervised release,' or to terminate a term of supervised release, after the expiration of one year of supervised release, under § 3583(e)(1)." *United States v. Zimmerman*, 481 F. App'x 199, 200–01 (5th Cir. 2012) (per curiam).

> The court may, after considering the factors set forth in [§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—terminate a term of supervised release and discharge the defendant . . . , pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1). These factors are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (6) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 944(a); (7) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Insaulgarat*, 289 F. App'x 738, 739 (5th Cir. 2008) (per curiam) (citing 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a))). In addition to considering these factors, the Court "should evaluate whether the conditions of supervised release 'involve[ ] no greater deprivation of liberty than is reasonably necessary for the purposes' of deterrence, public protection, and rehabilitation." *Id.* (quoting 18 U.S.C. § 3583(d)(2)).

With all of the foregoing in mind, the Court finds that the Defendant is not entitled to early termination of his supervised release, given the specific facts and circumstances of the

3

Defendant's offense, the history and characteristics of the Defendant, and the Court's need to protect the public from further crimes of the Defendant.

ACCORDINGLY, Defendant James Leon Owens, Jr.'s motion to modify or terminate supervised release [77] is DENIED.

An order in accordance therewith shall issue this day.

THIS, the 25th day of March, 2015.

/s/ Glen H. Davidson
_____
SENIOR U.S. DISTRICT JUDGE